IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON (TDCJ No. 282756), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-1345-D-BN |
| SAM LINDSAY, Judge, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff R. Wayne Johnson pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Background**

Plaintiff, a Texas prisoner incarcerated at the Texas Department of Criminal Justice ("TDCJ")'s Clements Unit, in Amarillo, Texas, has filed a *pro se* complaint against United States District Judge Sam A. Lindsay, claiming that Judge Lindsay denied him due process. *See* Dkt. No. 2. Although Plaintiff's complaint lacks

substantial factual assertions, he does reference a lawsuit that he filed in the Dallas Division of the Northern District of Texas, *Johnson v. Crain*, No. 3:04-cv-1810-L (N.D. Tex.). The Court dismissed that action because Plaintiff failed to pay the applicable filing after the Court found he was barred from proceeding under the *in forma pauperis* statute. *See id.*, Dkt. Nos. 10, 12, 13, & 14. The Court also denied two Federal Rule of Civil Procedure 60(b) motions filed by Plaintiff. *See id.*, Dkt. Nos. 15, 16, 17, & 18.

In this action, Plaintiff has not yet filed a motion for leave to proceed *in forma pauperis* or paid the filing fee.

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.*

(quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

## Analysis

As early as 2004, Plaintiff was barred from proceeding *in forma pauperis* as to civil rights complaints absent the requisite allegation that he is subject to imminent danger of serious physical injury:

> Plaintiff was allowed to proceed *in forma pauperis* in four prior civil actions while incarcerated. All four cases were dismissed as frivolous under 28 U.S.C. § 1915(e). *Johnson v. McCaul*, No. 2-03-CV-0012 (S.D. Tex. Apr. 15, 2003); *Johnson v. Whatley*, No. 2-02-CV-0107 (S.D. Tex. Apr. 5, 2002); *Johnson v. Vance*, No. 4-95-CV-0068 (S.D. Tex. Aug. 27, 1995); *Johnson v. Collins*, No. 4-95-CV-0064 (S.D. Tex. May 23, 1995). The Fifth Circuit also has dismissed two appeals filed by plaintiff as frivolous. *Johnson v. Whatley*, No. 02-40760 (5th Cir. June 24, 2003); *Johnson v. Tepper*, No. 02-51232 (5th Cir. Mar. 31, 2003). In *Whatley*, the court barred plaintiff "from bringing any civil action or appeal IFP while incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury." *Whatley*, No. 02-40760, op. at 3, citing 28 U.S.C. § 1915(g).

*Johnson v. Crain*, No. 3:04-cv-1810-L, 2004 WL 2434421, at *1 (N.D. Tex. Nov. 1, 2004), *rec. adopted*, Dkt. No. 12 (N.D. Tex. Apr. 29, 2005).

Plaintiff's current filing undoubtedly falls under the three-strikes provision. As such, under Section 1915(g) Plaintiff may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks any facts to show that Plaintiff is under such a threat as to overcome Section 1915(g).

Plaintiff should therefore be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

Should Plaintiff pay the filing fee, the undersigned further notes that the current complaint fails to allege that Plaintiff interacted with Judge Lindsay outside of his judicial capacity or that Judge Lindsay acted outside his jurisdiction.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her

immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

As such, it appears that Judge Lindsay is absolutely immune from all claims asserted against him in this action, and those claims should be "dismissed with prejudice as frivolous." *Boyd*, 31 F.3d at 285.

## Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 17, 2016

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE